SLIP OP. 06-178

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| GRAHAM ENGINEERING CORP., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | Before: Jane A. Restani, Chief Judge |
| | : | |
| UNITED STATES, | : | Court No. 03-00008 |
| | : | |
| Defendant. | : | |

OPINION

[Plaintiff's motion for summary judgment denied. Defendant's cross-motion for summary judgment granted.]

Dated: December 7, 2006

Law Office of Stephen J. Leahy (Stephen J. Leahy) for the plaintiff.

Peter D. Keisler, Assistant Attorney General; Barbara S. Williams, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice (Aimee Lee); Su-Jin Yoo, Office of the Assistant Chief Counsel, International Trade Litigation, Bureau of Customs and Border Protection, United States Department of Homeland Security, Of Counsel, for the defendant.

Restani, Chief Judge:  This matter is before the court on cross-motions for summary judgment by plaintiff Graham Engineering Corp. ("Graham") and defendant United States (the "Government") pursuant to USCIT R. 56.  At issue is the United States Customs Service's[1] ("Customs") denial of an unused merchandise drawback claim seeking return of duties paid and subsequent protest filed by Graham.  Customs denied the claim because Graham failed

---

[1]Since 2003, known as U.S. Customs and Border Protection.

to file a notice of intent to export pursuant to 19 C.F.R. § 191.35(a)(2006). Graham challenges

Customs' denial on the basis that 19 C.F.R. § 191.35(a) is unreasonable and exceeds Customs'

authority under 19 U.S.C. § 1313(j)(1) (2000). The court disagrees.

## BACKGROUND

**I.       Factual Background**

As the parties have not submitted record evidence or discovery materials in

connection with this case, the court relies entirely on the parties' arguments and statements of

material fact in resolving the case. According to these sources, the following facts are

undisputed.

On or about May 26, 2000, Graham imported a blow molding machine and parts.

At the time of importation, Graham paid in full applicable U.S. duties, fees and/or taxes totaling

$18,290.00. The same blow molding machine and parts were exported by Graham via the port

of Houston, Texas on or about October 27, 2000. Graham did not file a notice of intent to export

as required by Customs drawback regulation 19 C.F.R. § 191.35 prior to exporting the machine.

On February 23 and July 11, 2001, Graham submitted and resubmitted

applications under 19 C.F.R. § 191.36 for accelerated payment and one-time waiver of prior

notice of intent to export. Customs denied the applications on June 14 and December 14, 2001,

respectively.[2] Graham did not appeal either denial. On December 5, 2001, Graham filed a

---

[2]According to Customs, Graham requested waivers of prior notice of intent to export because they had "no prior knowledge of the Drawback Regulations." Mem. in Opp'n to Pl's Mot. for Summ. J. and in Supp. of Def's Cross-Mot. for Summ. J. 3. Customs further asserts that it denied Graham's request because Graham "had filed eight claims of this kind since 1995." Id.

(continued...)

drawback entry requesting a refund of 99 percent of the duties, fees and/or taxes paid at the time

of importation, the amount allowable for an unused merchandise drawback under the statute.

Customs liquidated the drawback entry on December 21, 2001, without refunding any of the

requested funds.

Graham filed timely protest pursuant to 19 U.S.C. § 1514, challenging Customs'

decision denying their drawback request.  Graham argues that Customs' requirement for notice

of intent to export is invalid.  Graham claims that the machine was unused and exported within

three years of importation, and that this was sufficient to qualify for the drawback under the

statute.  Customs argues that the regulation is valid and applicable and states that it had no

opportunity to examine the machine prior to export, making it impossible to know whether the

machine fulfilled the drawback requirements.  Graham filed a complaint against the Government

on July 30, 2004 initiating the instant proceedings.

## II.       Statutory Background

Section 313 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1313, states, in

pertinent part:

> (j) Unused merchandise drawback
>         (1) If imported merchandise, on which was paid any duty, tax, or fee
>         imposed under Federal law upon entry or importation –
>                 (A) is, before the close of the 3-year period beginning on the date
>                 of importation –

[2](...continued)
Graham disputes these assertions on the basis of lack of knowledge or sufficient information, but states that this denial does not create a material issue of fact that would preclude summary judgment.  See Pl's Resp. to Def's Statement of Add'l Undisputed Material Facts as to Which There is No Genuine Issue to be Tried 1.

(i) exported, or
(ii) destroyed under customs supervision; and
(B) is not used within the United States before such exportation or
destruction;
then upon such exportation or destruction 99 percent of the amount of
each duty, tax, or fee so paid shall be refunded as drawback.  The exporter
(or destroyer) has the right to claim drawback under this paragraph, but
may endorse such right to the importer or any intermediate party.

19 U.S.C. § 1313(j).

In providing for recovery of an unused merchandise drawback, Customs

regulation 19 C.F.R. § 191.35(a) requires that:

A notice of intent to export merchandise which may be the subject of an unused
merchandise drawback claim (19 U.S.C. 1313(j)) must be provided to the
Customs Service to give Customs the opportunity to examine the merchandise.
The claimant, or the exporter, must file at the port of intended examination a
Notice of Intent to Export, Destroy, or Return Merchandise for Purposes of
Drawback on Customs Form 7553 at least 2 working days prior to the date of
intended exportation unless Customs approves another filing period or the
claimant has been granted a waiver of prior notice [under § 191.91].

19 C.F.R. § 191.35(a).

This requirement may be waived at Customs' discretion pursuant to 19 C.F.R.

§ 191.36(a), which states that "[m]erchandise which has been exported without complying with

the requirements of § 191.35(a) or § 191.91 of this part may be eligible for unused merchandise

drawback under 19 U.S.C. 1313(j) subject to [stated conditions]."  19 C.F.R. § 191.36(a).

Similarly, § 191.91 allows for waiver of "[t]he requirement in § 191.35 of this part for prior

notice of intent to export merchandise which may be the subject of an unused merchandise

drawback claim under [§ 1313(j)]."  19 C.F.R. § 191.91(a)(1).  Waiver is granted or denied by

Customs upon consideration of (but not limited to) the following factors:

The presence or absence of unresolved Customs charges . . . [t]he accuracy of the

claimant's past drawback claims; . . . [w]hether waiver of prior notice was previously revoked or suspended; and . . . [t]he presence or absence of any failure to present merchandise to Customs for examination after Customs had timely notified the party filing a Notice of Intent to Export, Destroy, or Return Merchandise for Purposes of Drawback of Customs intent to examine the merchandise.

19 C.F.R. § 191.91(c)(1)(i–iv).

Graham challenges the permissibility of these regulatory requirements under the statutory drawback provision, arguing that 19 C.F.R. § 191.35(a) is an invalid imposition of "additional requirements" for recovery of drawback under 19 U.S.C. § 1313, and that the regulation exceeds Customs' authority to implement the terms of the statutory drawback provision. Graham seeks to invalidate the Customs regulations requiring certain procedures, including the submission or waiver of prior notice of intent to export, in order to obtain drawback under 19 U.S.C. § 1313.

## JURISDICTION AND STANDARD OF REVIEW

The court has jurisdiction pursuant to 19 U.S.C. § 1514(a)(6) and 28 U.S.C. § 1581(a)(2000). In reviewing Customs' regulation requiring notice of intent to export or waiver of such notice in order to claim successfully an unused merchandise drawback, the court will determine whether the regulation conflicts with the plain meaning or is an impermissible implementation of the statute. See Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842–43 (1984). This inquiry addresses whether the agency has authority to interpret the statute and whether the interpretation or regulatory implementation is reasonable. See Fujitsu Gen. Ltd. v. United States, 88 F.3d 1034, 1038 (Fed. Cir. 1996).

## DISCUSSION

**I.     Customs Had Authority to Interpret the Statutory Drawback Provision**

The terms of 19 U.S.C. § 1313 allow for recovery of drawbacks under specified

circumstances but are silent as to how these requirements are to be implemented.  As the agency

charged with the administration of the drawback statute, Customs, at least, is implicitly entrusted

with authority to enact regulations implementing the statute pursuant to its terms and purpose.

The Supreme Court in Chevron stated that an agency entrusted to administer a

statutory program "'necessarily requires the formulation of policy and the making of rules to fill

any gap left, implicitly or explicitly, by Congress.' . . . [A] court may not substitute its own

construction of a statutory provision for a reasonable interpretation made by the administrator of

an agency."  Chevron, 467 U.S. at 843–44 (quoting Morton v. Ruiz, 415 U.S. 199, 231 (1974)).

A regulation will not control, however, if it is inconsistent with Congress' statutory language or

if "Congress has directly spoken to the precise question at issue."  Haggar, 526 U.S. at 392

(quoting Chevron, 467 U.S. at 842–43).

Congress' drawback statute allows for recovery of an unused merchandise

drawback if the imported merchandise "is, before the close of the 3-year period beginning on the

date of importation – (i) exported, or (ii) destroyed under Customs supervision."  19 U.S.C.

§ 1313(j)(1)(A).  Graham argues that this provision is clear and unambiguous based on the

separation of the term "export" from the phrase "under Customs supervision."[3]  Graham asserts

---

[3]Graham also argues that the regulation requires export under Customs supervision in
certain cases when the place of inspection differs from the location of exportation.  This
argument refers to 19 C.F.R. § 191.35(d), which states that such merchandise "shall be

(continued...)

that this phrasing indicates clear Congressional intent to remove entirely from Customs'

oversight the exportation of unused merchandise on which drawback is sought.  This argument,

however, erroneously relies on the reading of the single term "export" as decisively

unambiguous, rather than on statutory ambiguity as to how the provision as a whole will be

administered and enforced.  The statute lacks any guidance as to how Customs should ensure

that drawback applicants are adhering to the enunciated requirements.

       In addition, Congress' silence as to how the drawback provisions are to be

administered is reinforced by its unambiguous instruction in 19 U.S.C. § 1313(*l*) that

"[a]llowance of the privileges provided for in this section shall be subject to compliance with

such rules and regulations as the Secretary of the Treasury[4] shall prescribe."  19 U.S.C. §

1313(*l*).  This direction indicates that Congress anticipated some Customs regulatory action to

implement and enforce the statute's drawback provisions and demonstrates that Customs'

authority to make such regulations is both explicit and implicit within the statute.[5]

---

[3](...continued)
transported in-bond to the port of exportation."  Id.  This argument is neither applicable to the
facts of the instant case, nor an accurate reading of the regulation.  This provision requires only
an "in-bond" mode of post-inspection transport in certain situations, and does not require direct
Customs supervision.  Id.  In addition, this provision applies only to the transportation - not
exportation - of the merchandise.

[4]Customs operated under the U.S. Treasury Department until the enactment of the
Homeland Security Act of 2002, Pub. L. No. 107–296, 116 Stat. 2135 (2002), which moved
Customs into the jurisdiction of the U.S. Department of Homeland Security and renamed it as the
Bureau of Customs and Border Protection.

[5]The court notes that the regulation at issue, 19 C.F.R. § 191.35, was adopted after notice
and comment and was intended by Customs to carry the force of law once it became effective on
April 6, 1998.  See Proposed Rule, 62 Fed. Reg. 3082–3114 (Jan. 21, 1997); Final Rule, 63 Fed.
Reg. 10985–10995 (Mar. 5, 1998).  Agency rules preceded by notice and comment are

(continued...)

Prior case law also holds that drawback regulations are within Customs'

authority. In Chrysler Motors Corp. v. United States, 14 CIT 807, 755 F. Supp. 388 (1990), the

court upheld Customs regulations governing drawback claims on merchandise transferred to a

foreign-trade zone as reasonable and within Customs' authority under 19 U.S.C. § 1313. The

court stated that "the allowance of drawback claims under [19 U.S.C. § 1313] delegated

authority to issue regulations to the Commissioner of Customs to describe in detail the type of

drawback allowed, eligibility requirements, and procedures for filing claims." Id. at 809–10.

Similarly, the Federal Circuit Court of Appeals has upheld Customs' authority to deny drawback

applications to parties who do not comply with applicable Customs regulations. United States v.

Lockheed Petroleum Servs., Inc., 709 F.2d 1472, 1476 (Fed. Cir. 1983). Lockheed states that

drawback privileges "are expressly conditioned, by statute, upon compliance with such rules and

regulations as the Secretary of the Treasury shall prescribe." Lockheed, 709 F.2d at 1474

(quotations omitted).

In addition, such regulations are "mandatory, not merely directory, and

compliance is a condition precedent to the right of recovery of drawback." Id. Because

drawbacks are deemed a "mere gratuity, proffered by the government," it is incumbent upon the

applicant to take the "preliminary steps and acts . . . in accordance with [applicable] regulations"

in order to establish their drawback claim. Campbell v. United States, 12 Ct. Cl. 470 (Ct. Cl.

1876). United States v. Ricard-Brewster Oil Co. states that "reasonable and proper" drawback

---

[5](...continued)
sufficiently formal to warrant deference. See Mead, 533 U.S. at 230 (2001); see also Haggar,
526 U.S. at 380–81.

regulations are within Customs' authority and that the drawback statute "should be construed as a Governmental grant of privilege, and any doubt in construction thereof should be resolved in favor of the Government."  United States v. Ricard-Brewster Oil Co., 29 CCPA 192, 197 (1942) (citing Nestle's Food Co. (Inc.) v. United States, 16 Ct. Cust. App. 451 (Ct. Cust. App. 1929)).

In the instant case, the applicable statute is silent as to the implementation of unused merchandise drawback requirements.  Congress stated in 19 U.S.C. § 1313(*l*) that parties seeking drawback must comply with relevant regulations promulgated by Customs, and case law supports Customs' authority to do so.  Therefore, Customs had authority to formulate the regulations at issue in order to implement the terms and purpose of the statutory drawback provisions.

**II.      Customs' Regulation Is Reasonable and Within the Terms of the Statute**

The court finds that Customs' regulation requiring prior notice of intent to export or waiver of such notice for recovery of drawbacks is reasonable and within the terms of 19 U.S.C. § 1313.

The Chevron doctrine gives controlling weight to an agency interpretation that "fills a gap or defines a term in a way that is reasonable in light of the legislature's revealed design."  Haggar, 526 U.S. at 392 (citations omitted).  As long as the "interpretation of a statute by an agency charged with its execution is reasonable, it should be followed . . . ."  Chrysler, 14 CIT at 816 (citing Chevron, 467 U.S. at 843–44).

The court finds that Customs' requirement to file notice of intent to export unused merchandise for the purposes of obtaining a drawback is within the terms and purpose of the

statutory drawback requirements, enables Customs to administer these requirements without prior notice of intent to export, and does not place an unreasonable burden on the drawback applicant.

Customs' drawback regulation is within Congress' purpose to ensure that all drawback applicants meet the statutory requirements. The statute states that an unused merchandise drawback is recoverable if imported merchandise is exported or destroyed within three years of the date of importation and is unused within the United States. 19 U.S.C. § 1313(j)(1). Customs regulation 19 C.F.R. § 191.35 requires notice of prior intent to export in order for Customs to have an opportunity to examine the merchandise and determine whether the merchandise meets the statutory requirements of 19 U.S.C. § 1313(j)(1). The regulation upholds the statutory requirements and ensures that Customs can administer drawback claims according to the terms and purpose of the statute. Therefore, the regulation is within the scope of the statute, as well as within Congress' intent to delegate to an agency the administration of the statute.

Second, it would be impossible for Customs to prepare the necessary procedures involved with inspecting merchandise in order to approve it for drawback eligibility without notice prior to export. Administrative factors such as scheduling and inspection capacity affect Customs' ability to implement the statutory drawback requirements, and adequate notice is required in order to fulfill this duty. The regulatory requirement of notice of intent to export is reasonable because it allows Customs to operate pursuant to its responsibilities under the statute. The notice requirement also allows for expedited review and refund of the requested drawback.

Finally, prior notice of intent to export or waiver of such notice is reasonable

because it does not impose an unreasonable burden on the applicant seeking drawback.  The

notice of intent to export requires only certification that the merchandise has not been used in the

United States, information regarding importation and intended exportation, contact information,

and the location of the merchandise.  19 C.F.R. § 191.35(b).  The regulations also allow for

waiver of the notice requirement even after the merchandise has been exported, so long as an

application for waiver is filed with Customs, and subject to Customs' discretion.  19 C.F.R. §

191.36(a)(1).  The regulation allows Customs to implement the terms and purpose of the

drawback statute in a consistent and efficient manner without imposing unreasonable burdens on

the applicant party.  The regulation is therefore reasonable and within the scope of the statute.

For the foregoing reasons, the court finds that Customs' statutory interpretation of

the drawback statute, 19 U.S.C. § 1313(j)(1), through its regulation, 19 C.F.R. § 191.35(a), was

reasonable and within the scope of its authority under the statute.  Accordingly, Graham's

Motion for Summary Judgment is denied, and the Government's Cross-Motion for Summary

Judgment is granted.  Customs' denial of Graham's claim for an unused merchandise drawback

is sustained.

    /s/ Jane A. Restani
        Jane A. Restani
        Chief Judge

Dated this 7th day of December, 2006.
New York, New York.