# United States Court of Appeals for the Federal Circuit

2007-1167


GRAHAM ENGINEERING CORP.,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.


Stephen J. Leahy, Law Office of Stephen J. Leahy, of Hingham, Massachusetts, argued for plaintiff-appellant.

Marcella Powell, Attorney, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice, of New York, New York, argued for defendant-appellee. With her on the brief was Barbara S. William, Attorney in Charge. Also on the brief were Peter D. Keisler, Acting Attorney General, and Jeanne E. Davidson, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC. Of counsel was Aimee Lee. Of counsel on the brief was Su-Jin Yoo, Office of Assistant Chief Counsel, United States Customs and Border Protection.

Appealed from: United States Court of International Trade

Chief Judge Jane A. Restani

# United States Court of Appeals for the Federal Circuit

2007-1167

GRAHAM ENGINEERING CORP.,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED:  December 14, 2007

_____

Before BRYSON, <u>Circuit Judge</u>, CLEVENGER, <u>Senior Circuit Judge</u>, and MOORE, <u>Circuit Judge</u>.

CLEVENGER, <u>Senior Circuit Judge</u>.

Graham Engineering Corp. ("Graham") appeals from the final decision of the United States Court of International Trade, which sustained the decision of U.S. Customs and Border Protection ("Customs") to deny Graham's claim for unused merchandise duty drawback pursuant to 19 U.S.C. § 1313(j)(1).  We affirm.

I

In May of 2000, Graham imported into the United States a blow molding machine and paid the requisite duty for that machine to Customs.  Section 1313(j)(1) of Title 19 provides for a 99 percent refund of the duty paid, if the imported merchandise upon which duty has been paid is exported within three years from entry without use in the

United States before exportation. In statutory and common parlance, this particular recovery is known as an "unused merchandise drawback."

In October of 2000, Graham exported, via the port of Houston, Texas, the blow molding machine that it had imported a few months earlier. Before exportation, Graham did not file a notice of intent to export as required by the Customs drawback regulation. See 19 C.F.R. § 191.35. Subsequently, Graham filed a drawback entry requesting a refund of 99 percent of the duty previously paid pursuant to section 1313(j)(1). Customs liquidated the drawback entry on December 21, 2001, denying a refund of the duty on the ground that failure to have given the required notice of intent to export deprived Customs of the opportunity to inspect the goods to assure its lack of use in the United States. Absent such notice, Customs deemed Graham ineligible for the statutory unused merchandise drawback.

Graham timely filed a protest to the adverse liquidation of its drawback entry. Graham asserted that the machine in question was unused in the United States and exported within three years of entry, and that Customs's regulation requiring notice of intent to export as a condition of entitlement to drawback duty under section 1313(j)(1) is invalid. Customs responded, arguing that its notice regulation is valid as necessary to enable Customs to ascertain, before export, if goods are entitled to an unused merchandise drawback. On July 30, 2004, Graham filed its complaint in the Court of International Trade against the United States for denial of its protest.

II

Before the Court of International Trade, no material facts were in dispute. Graham exported its blow molding machine (which it averred had been unused) within three years of importation and thus asserted entitlement to a section 1313(j)(1) unused merchandise drawback. Graham did not give notice of intent to export, as required by Customs's regulation. Cross motions for summary judgment framed the sole issue before the court: whether Customs's notice of intent to export regulation is valid. If so, Graham did not contest its ineligibility to the requested unused merchandise drawback. If the regulation is invalid, Graham asserted that it has satisfied all the statutory requirements for the requested drawback of duty.

The Court of International Trade addressed the statute in question, 19 U.S.C. § 1313(j)(1), which provides for the drawback of duty on unused merchandise if, within three years from import, it is "(i) exported, or (ii) destroyed under customs supervision." Based on the language of the statute, Graham argued that supervision by Customs is permitted in connection with destruction of unused goods before exportation, but exportation alone, without any kind of involvement by Customs concerning exportation, is the only test of entitlement to the unused (but not destroyed) merchandise duty drawback. Customs argued, to the contrary, that the statute was silent as to how the United States could satisfy itself that goods exported actually had been unused in the United States. Customs pointed to the rulemaking authority embedded in section 1313 itself, subsection (l), which provides that "[a]llowance of the privileges provided for in this section shall be subject to compliance with such rules and regulations as the Secretary of the Treasury shall prescribe." Customs argued that Congress had, through

its grant of specific rulemaking authority, recognized the need for reasonable regulatory action to implement and enforce the statutory unused merchandise duty drawback. The regulation in question, 19 C.F.R. § 191.35(a), provides that "[a] notice of intent to export merchandise which may be the subject of an unused merchandise drawback claim (19 U.S.C. § 1919(j)) must be provided to the Customs Service to give Customs the opportunity to examine the merchandise." The regulation requires that the notice of intent to export be provided at least two working days before the date of intended exportation.

The Court of International Trade rejected Graham's argument that Customs lacked any legal authority to assure compliance with the "unused" requirement for drawback of duty by requiring advance notice of intent to export. The court noted, correctly, that section 1313(j)(1) provides no guidance as to how Customs can assure itself that goods are exported without previous use in the United States. The court concluded that Graham's analysis of the statute overlooked the direction from Congress to Customs to establish rules and regulations the compliance with which would be prerequisites to the "allowance of privileges provided for in this section." Graham Eng'g Corp. v. U.S., 465 F. Supp. 2d 1353, 1357 (Ct. Int'l Trade 2006). The court further noted that the regulation in question was adopted after notice and comment rulemaking and was intended by Customs to carry the force of law upon its April 6, 1998 effective date. See Final Rule, 63 Fed. Reg. 10970-10995 (Mar. 5, 1998); Proposed Rule, 62 Fed. Reg. 3082-3114 (Jan. 21, 1997). The court also relied on the decision of this court in United States v. Lockheed Petroleum Services, Inc., which upheld the authority of Customs to deny drawback entries from parties not in compliance with applicable

regulations. 709 F.2d 1472, 1476 (Fed. Cir. 1983). Lockheed states that drawback privileges "are expressly conditioned, by statute, upon compliance with such rules and regulations as the Secretary of Treasury shall prescribe." Id. at 1474 (internal quotations omitted).

The Court of International Trade thus held that the notice of intent to export regulation is based on statutory authority and therefore not unlawful on its face. In so holding, the court determined that the regulation is reasonable because it notifies Customs of intent to export and thus provides opportunity for inspection of goods before export. Further, the court determined that the regulation is not unduly burdensome on exporters because the notice of intent to export requires only certification of lack of use in the United States, information regarding importation and intended exportation, contact information, and the location of the merchandise. See 19 C.F.R. § 191.35(b). The court sustained Customs's denial of Graham's claim for unused merchandise duty drawback.

### III

Graham timely appealed the final decision of the Court of International Trade. We have jurisdiction under 18 U.S.C. § 1295(a)(5). The only question before us is one of law, namely whether the notice of intent to export regulation is valid. We review this question independently. See Guess? Inc. v. United States, 944 F.2d 855, 857 (Fed. Cir. 1991).

### IV

We, like the Court of International Trade, recognize that Congress, when enacting section 1313(j)(1), allowed for drawback of duty upon the exportation, within

three years from entry, of merchandise unused in the United States. In the same section of the statute, Congress provided for similar drawback of unused merchandise that is "destroyed under customs supervision." Id. Because Congress expressly provided for supervision of destruction by Customs of unused merchandise, Graham again argues that Customs's attempt to regulate exportation through notice of intent to export must be unlawful as an unauthorized exercise of rulemaking by Customs. According to Graham, section 1313 permits no supervision of exportation of unused merchandise because Congress expressly provided for supervision when it deemed such necessary, as Congress did with destruction of unused merchandise. Even though Congress expressly provided for agency regulations of the drawback statute as conditions for entitlement to the drawback benefits, Graham argues that such regulations, when concerned with exportation, are invalid. Graham's argument, boiled to its essence, is that Congress must revise section 1313(j)(1) by adding the words "under customs supervision," or the like, to the word "exported" before regulations concerning export promulgated under section 1313(l) can have the force of law. Like the Court of International Trade, we disagree.

In section 1313, Congress provided for a range of drawbacks, including drawbacks for imported merchandise included in articles manufactured in the United States when the manufactured articles are exported or destroyed before exportation, drawbacks for merchandise substituted for imported merchandise included in articles manufactured in the United States slated for export or destruction, and the unused merchandise drawback at issue in this case. With regard to all of the drawback benefits

of section 1313, Congress anticipated the need for specific rules and regulations to be devised in order to assure proper entitlement to statutory benefits.

The rulemaking authority vested in the agency by subsection (l) explicitly conditions allowance of the benefits of section 1313 on compliance with regulations Customs has prescribed. The rulemaking in question here, the notice of intent to export, is essentially procedural in nature, as its purpose is simply to afford Customs the opportunity to inspect goods claimed as unused that are scheduled for export. The regulation does not affect the substantive statutory provision: unused goods exported within three years of importation receive drawback. Congress conditioned the allowance of drawback under section 1313 on compliance with regulations prescribed to assure that substantive requirements for drawback are met. This mandate is simply inconsistent with any notion that Congress barred Customs from promulgating such regulations with regard to exportation by failing to provide specific authority in section 1313(j)(1) for procedural supervision of exports.

The Supreme Court has held that when Congress provides express rulemaking authority to an agency in order to carry out the substantive provisions of a statute, a regulation promulgated under such authority is valid, so long as the regulation is "reasonably related to the purposes of the enabling legislation." Mourning v. Family Publ'ns Serv., Inc., 411 U.S. 356, 369 (1973). A regulation is reasonably related to the purposes of its statute when the regulation is not inconsistent with the statute and serves to prevent circumvention of that statute. See Thomas Int'l, Ltd. v. United States, 773 F.2d 300, 304-05 (Fed. Cir. 1985) (upholding a Treasury Department regulation that guards against evasion of a statutory requirement and is not inconsistent with the

statute).  More recently, in the context of regulations issued by the Department of Veterans Affairs, this court has applied the Supreme Court's holding in <u>Mourning</u> to reject an invalidity challenge to a regulation promulgated by the agency pursuant to express statutory rulemaking authority.  <u>See</u> <u>Carpenter, Chartered v. Sec'y of Veterans Affairs</u>, 343 F.3d 1347, 1351-52 (Fed. Cir. 2003).

We thus agree with the Court of International Trade that Customs acted within its statutory powers to promulgate and enforce its notice of intent to export regulation.  We also agree that the regulation is reasonably related to the statute it serves, because the regulation affords Customs the opportunity to assure itself that the goods slated for export in fact have not been used in the United States and are being exported within the permissible time limitation.  The regulation is not inconsistent with the substantive requirements of section 1313(j)(1).  Because the regulation was not satisfied in this case, Customs properly rejected Graham's drawback entry, and the Court of International Trade correctly sustained Customs's decision.  We therefore affirm the final decision of the Court of International Trade.

<u>AFFIRMED</u>
